W. H. McKeown, trading as Pike Milling Company, Appellee, v. Western Union Telegraph Company, Appellant.

### Gen. No. 7,602.

1. TELEGRAPHS AND TELEPHONES—*non-delivery of telegram not provable by hearsay.* In an action for damages against a telegraph company for nondelivery of a telegram, a telegram from the addressee of the undelivered telegram tending to show that it had never been delivered is incompetent to show nondelivery, such addressee not being a party to the suit or a witness therein.

2. TELEGRAPHS AND TELEPHONES—*evidence of nondelivery of telegram.* In an action for damages alleged to have been sustained by plaintiff from the nondelivery of a telegram, it being charged in the declaration that defendant "neglected its duty * * * and negligently and carelessly failed to deliver the message," a letter written by an official of the defendant to the plaintiff before suit, stating that the message in question was filed at the sender's station at a certain hour and that when it reached the addressee's station the latter's office was closed and the telegraph company was unable to make delivery until the morning of the next business day, is not an admission of negligence or sufficient to overcome the legal presumption that the message was delivered to the addressee in the due course of business.

Appeal by defendant from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed October 26, 1923.

BROWN, HAY & STEPHENS, for appellant.

CAPPS & WEAVER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

W. H. McKeown, the appellee, who is engaged in the manufacture and sale of flour at Griggsville under the name of the Pike Milling Company, brought this suit in the circuit court of Pike county against the appellant, Western Union Telegraph Company, to recover

damages which he alleges he sustained for failure to transmit and deliver a message to John W. Eckhart & Company at Chicago, the message being an acceptance of an offer by the parties mentioned to purchase 300 barrels of flour. The declaration alleges, as a legal basis for recovery of damages, "that upon the receipt of appellee's message, by the appellant, which accepted the offer of J. W. Eckhart & Company to purchase the 300 barrels of flour, it thereupon became the duty of the appellant to transmit the message within a reasonable time to J. W. Eckhart & Company, and that the appellant neglected its duty in that regard, and negligently and carelessly failed to deliver the message referred to, to J. W. Eckhart & Company." A trial of the case resulted in a verdict by the jury finding the issues for the appellee, and assessing his damages at the sum of $478.68. The appellee thereupon entered a remittitur of 53 cents, and the court deducted that amount from the verdict and entered judgment for $478.15 against the appellant. This appeal is prosecuted from the judgment.

One of the reasons urged for reversal of the judgment is that the evidence is insufficient as proof of the negligence charged in the declaration. The charge of negligence in the declaration as stated is that the appellant carelessly failed to deliver the telegraphic message to J. W. Eckhart & Company. The evidence offered on the point under consideration consists of a telegram sent by J. W. Eckhart & Company to the appellee, after the appellee had shipped the flour to Chicago. The telegram was admitted in evidence, over the objection of the appellant, and contains the following statement: "No record same being bought, as we had no reply to our offer of March twenty-sixth." This evidence was not competent as against the appellant. J. W. Eckhart & Company are not parties to the suit, and a statement made by them to the appellee concerning a controverted question in the case, namely, the nondelivery of the message in question, is in

the same legal category as any statement would be which is made by a third person to one of the parties to the suit. In order to constitute legal proof, the party making the statement should be sworn as a witness and give his testimony either personally in court or by deposition, thus enabling the opposing party to exercise the right to object to the competency of the evidence and cross-examine the witness with reference thereto. The statement in the telegram was merely hearsay and not legally binding on the appellant, nor was it proof that the appellant failed to deliver the message in question. The only other evidence in the record bearing upon the point of the nondelivery of the message is contained in a letter of A. R. McGrath, district commercial superintendent of the appellant company, written to the appellee concerning his claim. It refers to the claim as follows: ''The message upon which the claim is based was filed at Griggsville at 4:35 p. m., Saturday, March twenty-sixth, and when it reached Chicago we found that the addressee's office was closed, and delivery could not be made until the following Monday morning.'' It cannot justly be contended that this language of appellant's district superintendent is in legal effect an admission by the appellant of the fact averred in the declaration, that the appellant ''neglected its duty  *  *  *  and negligently and carelessly failed to deliver the message.'' Nor is it sufficient evidence to overcome the presumption which arises as a matter of law, under the circumstances here presented, that the message was delivered in Chicago in due course of business. *New York Cent. R. Co. v. Lehigh Stone Co.*, 220 Ill. App. 563; *Paden v. Rockford Palace Furniture Co.*, 220 Ill. App. 534. It was incumbent on the appellee to sustain the charge of negligence in the declaration by competent and sufficient evidence, to entitle him to a verdict and judgment against the appellant. The record does not disclose such proof concerning the alleged negligence.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*